Fulton, J.
(orally).
This case, which is for divorce, was heard by this court upon the evidence some time in December, 1915. On the 20th day of. December, 1915, the court made the following entry upon its docket: “Divorce granted to plaintiff upon the ground that defendant was guilty of adultery, as charged in the petition.” A motion for new trial was filed within three days. But I will say, before I come to that, the order of the court was not journalized. A journal entry was prepared, but it was not agreed to by counsel on either side, and it was never put upon the journal..
There was a case tried in Mt. Vernon by Judge Seward, in which Judge Seward granted a divorce and announced his decision from the bench and entered it upon the minutes of the court. When he went down stairs shortly after that, he saw the *95 party to whom he had granted the divorce in the probate court getting a license to be married again. This caused him to go bact and erase from the docket the order he had made and it never was journalized. The party securing the divorce took that case to the circuit court, or court of appeals, and Judge Seward was reversed. The court of appeals held, as I understand it, that when he announced the decision, that that was the decision of the court, and he had no right to change it or erase it or modify it, and they reversed him and held that although the matter was not journalized when he announced it from the bench, it was the decision of that court.
Now, our court of appeals held recently in the ease of Holland v. Holland that an action for divorce and alimony is not a chancery case in any sense of the word, but is an action wholly provided for and regulated by statute. The statutes regulating divorce proceedings begin at.Section 11979 and close with 12003, and if the proceeding is purely statutory, all the matters regulating the divorce are contained in the sections between those two numbers.
Now this court thinks that it is not the policy of the courts or the Legislature that a divorce case Avhich has been once tried shall be heard by another court after a divorce has been granted by the court first hearing the matter. One reason, why I think that is so is because Section 12002, which provides for appeals, but only for appeal in a matter where alimony has been allowed. The statute reads:
“No appeal shall be allowed from a judgment or order of the common pleas court under this chapter except from an order dismissing the petition without final hearing or from a final order or judgment granting or refusing alimony, or in cases under the next preceding section. When judgment is rendered for both divorce 'and alimony the appeal will lie only to so much of the judgment as relates to the alimony. When an appeal is taken by the Avife she shall not be required to give bond. ’’
Now the court thinks that the Legislature has said that when a divorce is granted by the court that that is an end of it, that is final; they do not allow any appeal to be taken. Tou can *96 take the alimony feature up and have that heard over again, but you can not take up the divorce part of it and have that heard over again by appeal.
The question raised in this case is as to whether or not you can file a motion for new trial and have the case heard over again in that manner. 'Take those sections of the statute and read every section there is from 11979 to 12003 and you can not find a single word in any of those sections- which refers to the taking of the case up on error. There is no such section. There is no provision for it.
Our court of appeals has said that this matter is purely statutory ; it is regulated by statute. If it is regulated by statute, ' and all the matters in regard to divorce and alimony are in those sections, then there is no provision for a motion for a new trial, because there is nothing which grants the right to file a motion for new trial. But it is contended by the defendant that that comes under the other sections of the statute in which you may take exceptions to any final order that is made. This court does not think so, and will strike from the files this motion for a new trial, and there may be exceptions taken. And the court will order that the divorce which was granted on the 20th of December be journalized by a nunc pro kmc entry as of that date; it may go on the journal as of that date, -and there may be exceptions, and if the defendant desires to take it to the court of appeals, it can easily be done upon the ground that the court struck the motion for a new trial from the files.